**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TENNESSEE**
**AT CHATTANOOGA**

| | | |
|---|---|---|
| JERMY ELLIOTT and<br>SHAENA ELLIOTT,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF COLLEGEDALE,<br>TENNESSEE, et al.,<br><br>Defendants. | ) ) ) ) ) ) ) ) ) ) | No.: 1:26-cv-2-CLC-MJD |

**MEMORANDUM AND ORDER**

This matter comes before the Court *sua sponte* and for case management purposes. This order is the 100th entry on a docket that does not yet include a scheduling order. This case needs to move forward.

On August 6, 2026, the Court issued an order addressing Plaintiffs' motion for sanctions [Doc. 80]. At the conclusion of that order, the Court established the following protocol for addressing future discovery disputes:

> In the event any additional discovery-related disputes arise in this case, the Court **ORDERS** the parties to meet and confer, by telephone or video conference, and determine three dates and times during which all relevant parties are available to discuss the dispute with the Court in a discovery conference call. The parties should jointly contact the Court by email at Dumitru_Chambers@tned.uscourts.gov, and provide the Court with a brief description of each side's position in the dispute at issue and the three mutually available dates and times. Any discovery motions filed without first complying with this order are subject to being summarily denied.

[*Id.* at Page ID # 1303 (the "Pre-Motion Protocol")]. The purpose of the Pre-Motion Protocol was to encourage *all parties* to meaningfully discuss their disputes before raising them with the Court so that the Court can, in turn, "more efficiently address disputes on an ever-growing docket[.]" [*Id.*

at Page ID # 1302]. The purpose *was not* to create insurmountable barriers that effectively preclude any parties' ability to raise discovery issues through motion.

Several recent filings address the parties' inability to agree on dates for a short conference with the Court in accordance with the Pre-Motion Protocol. The Court need not make any finding on the reasons for these scheduling stalemates and casts no blame on any litigants. But it has become evident through the most recent filings that the parties have clarified and remain entrenched in their respective positions. The Court appreciates the parties' efforts to engage in what appears to have been a thorough meet-and-confer on September 22, 2026, which addresses a litany of discovery-related disputes [Doc. 99-2 (the "Meet and Confer")]. The Court expressly finds that the parties have substantially complied with the Pre-Motion Protocol by way of the Meet and Confer.

The parties are therefore relieved of any further obligation to set an informal discovery conference with the Court and may proceed with filing any motions they deem sufficient to address the issues raised during the Meet and Confer, subject to the Federal Rules of Civil Procedure and the Court's Local Rules. The Court will then address the parties' respective motions in due course and set a hearing if deemed necessary.

SO ORDERED.

ENTER:

/s/
MIKE DUMITRU
UNITED STATES MAGISTRATE JUDGE